**IN THE COURT OF APPEALS OF IOWA**

No. 22-0338
Filed May 11, 2022

**IN THE INTEREST OF L.L.,**
**Minor Child,**

**D.L., Mother,**
　　Appellant.
_____

　　Appeal from the Iowa District Court for Linn County, Cynthia S. Finley, District Associate Judge.

　　A mother appeals the termination of her parental rights. **AFFIRMED.**

　　David R. Fiester, Cedar Rapids, for appellant mother.

　　Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

　　Julie Trachta of Linn County Advocate, Inc., Cedar Rapids, attorney and guardian ad litem for minor child.

　　Considered by Bower, C.J., and Schumacher and Ahlers, JJ.

**BOWER, Chief Judge.**

A mother challenges the termination of her parental rights, asserting the ground for termination has not been established, an extension of time would remedy her issues, and termination is not in the child's best interests.[1]  The child cannot be returned to the mother's care, an extension is unwarranted, and termination is in the child's best interests.  We affirm.

The mother came to the attention of the Iowa Department of Human Services (DHS) on allegations she was using methamphetamine while pregnant with L.L.  She tested positive for methamphetamine in October 2020.  When the child was born in November, the mother agreed to participate in a safety plan to always have a sober caretaker for the child.  She lived with one of her brothers for a couple months surrounding the child's birth.  Then, after an argument, she went to stay with another brother.  The mother did not inform DHS of the move.  Upon discovering the mother's move, the State filed a child-in-need-of-assistance (CINA) petition.

The mother submitted to one drug test in February 2021, which came back positive for amphetamines and methamphetamine.  The child was removed from the mother's custody and placed with the brother they had been staying with.  The mother was required to find alternative housing.  The mother stipulated the child was a CINA.  At the March 18 adjudication hearing, the court ordered the mother to "obtain a substance-abuse evaluation and follow all treatment

---

[1] The putative father's parental rights were also terminated, and he does not appeal.

recommendations," "obtain a psychological/psychiatric evaluation and follow all treatment recommendations," and "cooperate with drug testing."

DHS asked the mother to go in for drug testing about four times each month throughout this case, but she did not participate. The mother blamed her failure to attend on lack of transportation but admitted she could have taken the city bus and chose not to because it would take too long to get there. At the termination hearing, the mother denied she was addicted to drugs. She asserted she did not use drugs while pregnant and only used socially before the pregnancy. This conflicts with the mother's earlier admissions of some drug use during pregnancy and her positive test in October 2020. The mother also admitted using methamphetamine a few times after the child's birth but stated she did not use around the child and the child always had a sober caregiver. The mother further asserted she did not need mental-health treatment or substance-abuse treatment. Rather, she said, "I deal with things on my own, I process and heal and move on." She stated she needed her child back "so I can wake up every morning and have a reason to be here."

Following the February 3, 2022 hearing, the juvenile court terminated the mother's parental rights under Iowa Code section 232.116(1)(h) (2021). The mother appeals.

We review the termination of parental rights de novo, giving weight to the juvenile court's finding of facts. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). Our review considers the three steps outlined in Iowa Code section 232.116: (1) whether the State's evidence supports a ground for termination; (2) whether

termination is in the children's best interests; and (3) whether any exceptions to termination apply. *In re M.W.*, 876 N.W.2d 212, 219–20 (Iowa 2016).

First, the mother argues the ground for termination has not been established under Iowa Code section 232.116(1)(h). The mother concedes the State met its burden on first three elements—the child is three years of age or younger, has been adjudicated CINA, and has been removed from the mother's custody for the last six months. *See* Iowa Code § 232.116(1)(h)(1)–(3). But she asserts the State has not established the fourth element—the child cannot be returned to her care at the present time. *See id.* § 232.116(1)(h)(4). The mother nonetheless agrees she was not in a position to take the child on the day of trial but claims a brief extension would allow her housing and treatment deficiencies to fall into place. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the statutory language "at the present time" to mean "at the time off the termination hearing"). Because the mother concedes she was not in a position to resume care of the child at the time of the termination hearing, we will not belabor the point—the ground for termination has been proved. Instead, we will address the issue of whether an extension was warranted.

The court set its expectations for the mother's progress at the time of CINA adjudication in March 2021: obtain a psychological evaluation and follow recommended treatment, obtain a substance-abuse evaluation and follow recommended treatment, and participate in drug testing. The mother obtained a mental-health evaluation in November 2021—which was not comparable to the psychological evaluation required by the court, and which the mother did not provide to DHS until just before the termination hearing. She declined any mental-

health services despite her diagnoses. The mother failed to participate in any requested drug testing in the weeks leading up to the hearing. She did arrange for a substance-abuse evaluation a few days after the hearing, but testified she did not think she needed help or treatment relating to her mental health or substance abuse. Based on the lack of progress and professed lack of interest in pursuing any treatment to address her mental-health and substance-abuse concerns, we find an extension is unwarranted.

The mother argues termination of her rights is not in the child's best interests, emphasizing her "loving bond" with the child and her ability to care for the child as demonstrated during visits. In a best-interests analysis, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010). The child has lived in relative placement for most of her life and has been integrated into and bonded with the family. The mother loves the child, but failed to address her mental-health and substance-abuse issues; she cannot provide the safe, stable home the child needs and deserves. Termination is in the child's best interests.

**AFFIRMED.**